**WO**                                                                              LMH

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Allan S. MacDonald, | No. CV 04-1001-PHX-SMM (VAM) |
| Plaintiff, | **ORDER** |
| vs. | |
| Julis Chaney, et al., | |
| Defendants. | |

Plaintiff, a state prisoner, brought a Second Amended Complaint claiming that his Defendants' medical care violated the Eighth Amendment and was malpractice, a state law tort (Doc. #18).  Defendant Jabczenski moved to dismiss all the claims against him for failure to state a claim (Doc. #58).  The remaining Defendants[1] moved to dismiss the state law tort claims and for additional time to respond to Plaintiff's federal claims (Doc. ##38, 52, 57).  The remaining Defendants also sought to strike an addendum that Plaintiff filed to his response to their motion (Doc. #53).  The Court will deny Defendant Jabczenski's motion to dismiss, deny the remaining Defendants' motion to strike the addendum, grant the remaining Defendants' motion to dismiss the state law claims, and grant the request for additional time to respond.  All Defendants will be required to serve an answer within 20 days of the date of entry of this Order.

---

[1] The "remaining Defendants" refers to Chaney, Clausen, Tee, Schriro, Jones, Baird, Rower, Stapler, Maderazo, Macabuhay, Kanter, Lockhart, Vinluan, Bevins, Sloan, Kendall, and Pratt.

1

## I.       Motion to Dismiss for Failure to State a Claim

Defendant Jabczenski moved to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, contending that the allegations in Plaintiff's Second Amended Complaint do not show that Jabczenski was deliberately indifferent or negligent to treatment of Plaintiff's knee injury (Doc. #58).   Plaintiff responded that Defendant's motion was procedurally improper because the Court already screened the action (Doc. #63).   Plaintiff also asserted that he stated a claim, and he submitted his own affidavit and medical records in support of his claim (Id., Ex. A-D).   In reply, Defendant Jabczenski contended that Plaintiff's evidence went beyond the allegations in the complaint and should not be considered in a motion to dismiss under Rule 12(b)(6) (Doc. #66).   Defendant would like a reasonable opportunity to present evidence, however, should the Court choose to construe the dismissal motion under summary judgment standards.

The Court agrees with Plaintiff's contention that Defendant's dismissal motion is procedurally improper.   A motion to dismiss under Rule 12(b)(6) is almost never an appropriate response when the court has already screened a prisoner complaint pursuant to 28 U.S.C. § 1915A(b) and directed the defendants to respond.   The standards for dismissal for failure to state a claim under Rule 12(b)(6) and under 28 U.S.C. § 1915A(b) are identical. After the Court has screened a prisoner complaint pursuant to § 1915A(b), a Rule 12(b)(6) motion to dismiss will be granted only if the defendant can convince the Court that reconsideration is appropriate.   Nothing in Defendant's motion causes the Court to reconsider its prior determination that the Complaint stated a claim upon which relief can be granted. To the contrary, Plaintiff's submission of evidence and Defendant's request to reserve an opportunity to submit evidence convince the Court that the issues are proper for summary judgment, not dismissal under Rule 12(b)(6).   The Court declines to construe the motion under summary judgment standards because the parties have not had sufficient opportunity to submit their evidence.   Accordingly, the Court will deny Defendant's motion to dismiss without prejudice to filing a summary judgment motion.

28

1

**II.      Motion to Dismiss State Law Claims and Motion to Strike Addendum**

2

The remaining Defendants moved to dismiss Plaintiff's state law tort claims on the

3

basis that under Ariz. Rev. Stat. § 31-201.01(F), these claims run only against the State of

4

Arizona and not the individual employees (Doc. ##38, 52, 57).  Section 31-201.01(F)

5

provides that "[a]ny and all causes of action which may arise out of tort caused by the

6

director, prison officers or employees of the department [of corrections], within the scope of

7

their legal duty, shall run only against the state."

8

Plaintiff responded that Defendants are not immune from suit under § 31-201.01(F)

9

(Doc. #42).  Defendants replied that the plain language of § 31-201.01(F) prohibits tort

10

claims against ADOC employees (Doc. #43).  In an Addendum to his response, Plaintiff

11

further argued that Defendants were not acting within the scope of their legal duties (Doc.

12

#51).  Defendants moved to strike the Addendum because it was filed two months after their

13

Reply and is not permitted under the Federal Rules of Civil Procedure (Doc. #53).  The rules,

14

however, do not expressly forbid a sur-response.  In light of the ruling in favor of

15

Defendants, the Court finds in unnecessary to strike the Addendum.

16

Plaintiff's contention that the statute does not grant immunity is not persuasive,

17

because the statute expressly immunizes ADOC employees from suit.  Under § 31-201.01(F),

18

individual corrections officers may not be sued for actions taken within the scope of their

19

legal duties, and the State remains fully liable for the torts of its employees.  Howland v.

20

State, 818 P.2d 1169, 1173 (Ariz. Ct. App. 1991).  And, the State of Arizona is not immune

21

from state law tort claims, particularly when brought in state court.  The State has not been

22

named in this action, and the Court offers no opinion regarding whether naming the State

23

would be permissible.

24

Plaintiff also contends that § 31-201.01(F) does not apply because committing

25

malpractice is not conduct within the scope of the employee's duty.  It is true that the § 31-

26

201.01(F) does not apply to suits against individuals for actions taken outside the scope of

27

their legal duty.  Howland, 818 P.2d at 1173.  But rendering medical care was within the

28

employees' duties.  Arizona law imposes a duty on the ADOC Director to provide medical

and health services for prisoners, including contracting with medical professionals to perform these services.  Ariz. Rev. Stat. § 31-201.01(D).  Plaintiff's contention does not remove his claim from the ambit of the statute, which expressly applies to torts caused by the ADOC director and employees.  Accordingly, Plaintiff's state law claims will be dismissed without prejudice.

In light of this determination, the Court need not resolve the parties' other contentions regarding the filing of a notice of claim under Ariz. Rev. Stat. § 12-821.01, serving a certification of expert opinion under Ariz. Rev. Stat. § 12-2603(A), and punitive damages under Ariz. Rev. Stat. § 12-820.04.  The sole remaining contention challenges Plaintiff's request for compensation for paralegal work he has done on this action (Doc. #18 at 7). Defendants correctly contend that a pro se litigant is not entitled to recover legal fees.  See Kay v. Ehrler, 499 U.S. 432, 435 (1991);Elwood v. Drescher, 456 F.3d 943, 947 (9th Cir. 2006); Gonzalez v. Kangas, 814 F.2d 1411 (9th Cir. 1987).  The Court will grant Defendants' motion on this issue.

**III.    Motion for Enlargement of Time**

Some Defendants (Vinluan, Bevins, Pratt, Schriro, Kanter, Kendall, Macabuhay, Rowe, Tee, Lockahrt, Maderazo and Sloan) combined the motion to dismiss state law claims with a request to enlarge time to respond to Plaintiff's federal claims to 20 days (Doc. #38). The time for serving an answer is altered to 10 days after a ruling on the motion under Rule 12(b)(6).  Fed. R. Civ. P. 12(a)(4)(A).  Plaintiff does not oppose the request for additional time, and an additional 10 days is not unreasonable.  Also,  the Court has authority to extend this time under Rule 6(b) of the Federal Rules of Civil Procedure. The Court will grant the motion.  For clarity's sake, the Court will allow all of the Defendants to serve their answer within 20 days of the date this Order is entered.

**IT IS ORDERED:**

1.     Defendants' Motion to Dismiss State Law Claims (Doc. #38) and Joinders therein (Doc. ## 52, 57) are **granted**.  Plaintiff's state law claims are **dismissed** without prejudice.  His request for compensation for paralegal fees is also **dismissed**.

2.      Defendants' Motion to Enlarge Time to Respond (Doc. #38) is **granted**.

3.      All Defendants shall have 20 days to serve an answer to Plaintiff's Eighth Amendment claims from the date of entry of this Order.

4.      Defendant Jabczenski's Motion to Dismiss (Doc. #58) is **denied**.

5.      Defendants' Motion to Strike (Doc. #53) is **denied**.

DATED this 29th day of January, 2007.


_____
Stephen M. McNamee
United States District Judge