1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allan S. MacDonald,                ) | CIV-04-1001-PHX-SMM (MHB) |
|                                    ) | |
| Plaintiff,            ) | **ORDER** |
|                                    ) | |
| vs.                                ) | |
|                                    ) | |
| Dora Schriro, et al.,              ) | |
|                                    ) | |
| Defendants.           ) | |
|                                    ) | |

Before the Court is Plaintiff's Objection to the Court's Order denying Plaintiff leave to amend and supplement the complaint (Doc. #105) and related request for leave to substitute a typed third amended complaint for the previously lodged handwritten third amended complaint (Doc. #108). Having reviewed the parties' submissions, the Court issues this Order.

**BACKGROUND**

Plaintiff first filed this action on May 18, 2004. On January 31, 2005, Plaintiff filed a Second Amended Complaint (Doc. #18). Count I of the Second Amended Complaint asserted claims for deliberate indifference to Plaintiff's medical needs in violation of the Eighth Amendment, and Count II asserted claims for medical malpractice, medical negligence, and negligence. On July 10, 2007, Plaintiff filed a motion for leave to amend and supplement the complaint (Doc. #97), and for leave to exceed the page limit (Doc. #96). Plaintiff seeks leave to file a Third Amended Complaint ("TAC") which amends and supplements the Second Amended Complaint. The Magistrate Judge denied

1  Plaintiff's motion for leave to amend and supplement the complaint on the grounds that
2  Plaintiff's proposed amendment is futile and the proposed supplement is more properly
3  the subject of another lawsuit (Doc. #104).  Plaintiff filed objections to the order denying
4  the motion (Doc. #105), and the Court subsequently withdrew the reference to the
5  Magistrate as to those objections (Doc. #135).

**STANDARD OF REVIEW**

7  Regarding a prisoner petition challenging the conditions of confinement, the
8  district judge must determine de novo any part of the magistrate judge's disposition that
9  has been properly objected to.  Fed. R. Civ. P. 72(b)(3).  The term "de novo" signifies
10 that the magistrate's findings are not protected by the clearly erroneous doctrine, but does
11 not indicate that a second evidentiary hearing is required.  Id., Advisory Committee
12 Notes, 1983 Addition.  The district judge may accept, reject, or modify the recommended
13 disposition; receive further evidence; or return the matter to the magistrate judge with
14 instructions.  Fed. R. Civ. P. 72(b)(3).

15 After a responsive pleading has been served, a party "may amend its pleading only
16 with . . . the court's leave.  The court should freely give leave when justice so requires."
17 Fed. R. Civ. P. 15(a)(2).  Futility of amendment can justify the denial of a motion for
18 leave to amend.  Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  "On motion and
19 reasonable notice, the court may, on just terms, permit a party to serve a supplemental
20 pleading setting out any transaction, occurrence, or event that happened after the date of
21 the pleading to be supplemented."  Fed. R. Civ. P. 15(d).  While leave to permit
22 supplement pleading is favored, it cannot be used to introduce a separate, distinct, and
23 new cause of action.  Planned Parenthood of S. Ariz. v. Neely, 130 F.3d 400, 402 (9th
24 Cir. 1997).

**DISCUSSION**

26 Plaintiff seeks leave to file a TAC adding seventeen new defendants, a cause of
27 action under the Americans with Disabilities Act ("ADA"), and state tort claims.

Plaintiff also seeks leave to supplement his Second Amended Complaint to assert claims for deliberate indifference, a violation of the ADA, and state tort claims arising out of the Arizona State Prison Complex-Tucson, where he has been housed from August 5, 2005 to the present. The magistrate judge determined the amendment to be futile, and supplement to be more properly the subject of a separate lawsuit.

The Court agrees that most of Plaintiff's proposed amendment is futile and that the proposed supplement is more properly the subject of a separate lawsuit. The Court also finds that Plaintiff's proposed amendment is not futile insofar as it seeks to add certain defendants. Therefore the Court will grant in part and deny in part Plaintiff's motion for leave to amend and supplement the Complaint.

**A. Tort Claims Against the State of Arizona**

The proposed amendment alleges state tort claims against the State of Arizona. (TAC ¶¶ 27, 47.) Per the Eleventh Amendment, the Court lacks jurisdiction over suits brought against a State. U.S. Const., amend. XI. This includes actions brought by a citizen of that State. See Hans v. Louisiana, 134 U.S. 1 (1890). There are only two circumstances in which a person may sue a State: "[f]irst, Congress may authorize such a suit in the exercise of its power to enforce the Fourteenth Amendment power . . . [s]econd, a State may waive its sovereign immunity by consenting to suit." College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670 (1999).[1]

The first circumstance is not present here because the State of Arizona is named as a defendant "regarding only state torts." (TAC at pg. 1(a) & ¶ 27.) Regarding the second circumstance, the "test for determining whether a State has waived its immunity from

---

[1] Contrary to Plaintiff's assertions, 28 U.S.C. § 1367 does not expand the federal courts' ability to hear cases brought against a State. Raygor v. Regents of the Univ. of Minn., 534 U.S. 533, 541-42 (2002) ("[W]e cannot read § 1367(a) to authorize district courts to exercise jurisdiction over claims against nonconsenting States . . . we hold that § 1367(a)'s grant of jurisdiction does not extend to claims against nonconsenting States.").

1  federal-court jurisdiction is a stringent one." <u>Atascadero State Hospital v. Scanlon</u>, 473
2  U.S. 234, 241 (1985).  The State must make a "clear declaration" that it intends to submit
3  itself to federal court jurisdiction. <u>College Sav. Bank</u>, 527 U.S. at 676.  A State does not
4  consent to be sued in federal court merely by consenting to suit in courts of its own
5  creation, nor by stating its intention to "sue or be sued," nor even by authorizing suits
6  against it "in any court of competent jurisdiction." <u>Id.</u> (citations omitted).

7        Plaintiff argues that Arizona consented to be sued in federal court by enacting
8  A.R.S. § 31-201.01(F).  That statute provides that "[a]ny and all causes of action which
9  may arise out of tort caused by the director, prison officers or employees of the
10 department, within the scope of their legal duty, shall run only against the state." A.R.S.
11 § 31-201.01(F).  That statute contains no reference to federal courts, let alone a "clear
12 declaration" that Arizona consents to federal court jurisdiction, and a consent will not be
13 implied from a willingness to be sued generally. <u>See</u> <u>College Sav. Bank</u>, 527 U.S. at 676.
14 Plaintiff's proposed tort claims against the State of Arizona are therefore futile, justifying
15 denial of his motion to amend the Complaint.

16       **B. Claims Under Title II of the ADA**

17       The Court finds that Plaintiff's proposed claims under Title II of the ADA are also
18 futile. To state a claim of disability discrimination under Title II, the plaintiff must allege
19 four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is
20 otherwise qualified to participate in or receive the benefit of some public entity's services,
21 programs, or activities; (3) the plaintiff was either excluded from participation in or
22 denied the benefits of the public entity's services, programs, or activities, or was
23 otherwise discriminated against by the public entity; and (4) such exclusion, denial of
24 benefits, or discrimination was by reason of the plaintiff's disability. <u>Thompson v. Davis</u>,
25 295 F.3d 890, 895 (9th Cir. 2002). Although prison administration falls within the ADA,
26 <u>see id</u> at 897, Plaintiff's TAC fails to allege, for example, that he was denied benefits by
27 reason of his disability. On the contrary, Plaintiff's TAC states that the alleged

28       - 4 -

1 constitutional violations were the result of general policies, customs, and practices
2 unrelated to any disability of Plaintiff. (E.g., TAC ¶¶ 18, 65.)  Therefore Plaintiff's
3 motion to amend the complaint to add causes of action under Title II of the ADA is
4 denied.

### C.  Supplemental Claims

The Court finds Plaintiff's supplemental claims to be more properly the subject of separate litigation.  Those claims concern the Tucson complex, where Plaintiff has been housed since August 5, 2005.  (TAC ¶ 64.)  The claims currently at issue in the litigation concern the Alhambra, Eyman, and Lewis complexes.  (See Dkt. 18, Second Amended Complaint.)  Additionally, the claims currently at issue involve Plaintiff's knee injury and liver disease, whereas the supplemental (Tucson) claims include an alleged heart attack. (TAC ¶ 67.)   The supplemental claims present a separate, distinct, and new cause of action which supplemental pleading cannot be used to introduce.  See Neely, 130 F.3d at 402.  Judicial efficiency will be better served by asserting in a separate lawsuit claims which involve separate defendants at a separate complex.[2]

### D.  Request to Add Defendants

Regarding Plaintiff's request to amend the complaint to add as defendants K. Schultheis, Tina Muzzy, Nia Maxwell, Gene Greeley, Rod Norrish, Starlet Whitney, Sharon Malcolm, and Marilyn Wand, the Court finds that leave to amend should be granted.  Plaintiff asserts that he learned of these individuals and their names through discovery, and seeks to add them to existing claims.  The Court cannot say that those claims are futile on their face, and the TAC does more than "allege that a proposed Defendant worked in some capacity for ADC while Plaintiff was housed at a facility." (Defs.' Resp. to Mot. for Leave at 3.)  Regarding Plaintiff's request to amend the

---

[2] This also disposes of Plaintiff's request for leave to add Dr. Hegman as a defendant, as Plaintiff conceded that Dr. Hegman is properly named only in regard to the Tucson Complex issues.  (Pl.'s Reply in Support of Mot. to Amend at 10.)

- 5 -

1 complaint to add as defendant Carondelet St. Mary's Hospital, the Court finds that leave
2 to amend should be granted only for claims related to the Lewis complex. Whether or not
3 those claims are sufficient to withstand a Rule 12(b)(6) or other challenge is not for the
4 Court to decide at this juncture.

5       Plaintiff shall have until December 28, 2007 to file the typewritten version of the
6 TAC. If Plaintiff does not file the typewritten version by that time, the Clerk shall file the
7 lodged proposed TAC (Doc. #98).

## CONCLUSION

9       For the foregoing reasons, Plaintiff's motion for leave to amend and supplement
10 the complaint is granted in part and denied in part. Accordingly,

11       **IT IS HEREBY ORDERED** vacating the magistrate judge's Order denying
12 Plaintiff's motion for leave to amend the Complaint (Doc. #104).

13       **IT IS FURTHER ORDERED** denying Plaintiff's motion for leave to amend and
14 supplement the Complaint to assert (1) tort claims against the State of Arizona; (2) claims
15 under the Americans with Disabilities Act; and (3) claims which accrued after Plaintiff's
16 transfer to the Tucson complex (Doc. #97).

17       **IT IS FURTHER ORDERED** granting Plaintiff's motion for leave to amend the
18 complaint to add as defendants K. Schultheis, Tina Muzzy, Nia Maxwell, Gene Greeley,
19 Rod Norrish, Starlet Whitney, Sharon Malcolm, Marilyn Wand, and Carondelet St.
20 Mary's Hospital (Doc. #97).

21       **IT IS FURTHER ORDERED** that Plaintiff shall have until December 28, 2007
22 to file a typewritten version of the Third Amended Complaint. If Plaintiff has not filed a
23 typewritten version by that date, the Clerk is directed to file the Lodged Proposed Third
24 Amended Complaint (Doc. #98).

25       DATED this 14th day of December, 2007.

Stephen M. McNamee
United States District Judge

- 6 -