**WO** JDN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allan S. MacDonald,<br><br>    Plaintiff,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>    Defendants. | No. CV 04-1001-PHX-SMM (MHB)<br><br>**ORDER** |

Plaintiff Allan S. MacDonald brought this civil rights action under 42 U.S.C. § 1983 against various officers from the Arizona Department of Corrections (ADC) (Doc. #206, Third Am. Compl.). Jabczenski moved for summary judgment (Doc. #110), Plaintiff responded and Jabczenski replied (Doc. ##147, 166); the motion is under consideration. Before the Court are Plaintiff's "Motion to Strike Defendant Jabczenski's Deposition of Plaintiff" (Doc. #190) and "Motion to Stay Court's Ruling on Defendant Jabczenski's Motion for Summary Judgment" (Doc. #200). Jabczenski opposed both motions (Doc. ##199, 211).

Meanwhile, Plaintiff filed an "Addendum to Plaintiff's Response to Defendant Jabczenski's Motion for Summary Judgment" (Doc. #214).

The Court will deny Plaintiff's motions but will construe his Addendum as a supplemental response to be considered when addressing Jabczenski's summary judgment motion.

## I. Plaintiff's Motions

Plaintiff's motions concern his deposition and the briefing on Jabczenski's summary judgment motion. Although the dispositive motion deadline was set for January 9, 2008 (Doc. #77), Jabczenski filed his summary judgment motion on September 20, 2007 (Doc. #110). Plaintiff submitted his response memorandum on November 16, 2007 (Doc. #147). Then, on November 29, 2007, Jabczenski deposed Plaintiff (Doc. #166, Ex. 1, Pl. Dep., Nov. 29, 2007). In his reply memorandum, which was filed on December 18, 2007, Jabczenski cited to portions of Plaintiff's deposition testimony in support of the arguments for summary judgment (Doc. #166 at 5-7, 10-11).

### A. Motion to Strike

Plaintiff moves to strike his deposition testimony taken by Jabczenski (Doc. #190). Plaintiff argues that he was not given written notice of the deposition as required under Federal Rule of Civil Procedure 30(b)(1). Rule 30(b)(1) provides that the party seeking to take a deposition must give reasonable notice in writing to the other party. Plaintiff states that he only received written notice of the state defendants' desire to depose him, not Jabczenski's, who has his own separate counsel (see Doc. ##141, 150, 152, 154). Plaintiff contends that because he had no notice from Jabczenski, and because the deposition came after his response to Jabczenski's summary judgment motion, it should be stricken from the record.

Plaintiff also argues that he was not given sufficient time to review the transcript, make changes, and sign it. Federal Rule of Civil Procedure 30(e) requires that if the deponent requests, he shall have 30 days to review the transcript and make any necessary changes. Plaintiff states that he made the request to review and sign the transcript, yet he did not receive a copy for review until after Jabczenski filed the reply memorandum on December 18, 2007 (Doc. #190 at 9-10). Thus, Plaintiff submits that the deposition and any of Jabczenski's references to it in his reply should be stricken.

In response to Plaintiff's motion, Jabczenski maintains that the Federal Rules of Civil Procedure do not require a co-defendant to notice the plaintiff's deposition after there has

1 been notice by one defendant (Doc. #199 at 2). As to Plaintiff's opportunity to review the
2 transcript, Jabczenski argues that it is the court reporter's duty to make the transcript
3 available for the deponent to review, not Defendant's.

4 Plaintiff's reply disputes Jabczenski's interpretation of the applicable Federal Rules
5 of Civil Procedure and reiterates the arguments for striking the deposition (Doc. #208).

### B.     Motion to Stay

Plaintiff moves for a stay under Federal Rule of Civil Procedure 56(f) (Doc. #200). He seeks additional time to obtain a copy of the deposition transcript and, possibly, expert testimony, to support his response memorandum. Plaintiff submits a declaration in which he asserts that he did not have adequate time to review the deposition to correct the record or even sign it (id., Attach., Pl. Decl. ¶¶ 8-9). Plaintiff further asserts that the deposition transcript, which is 181 pages long, includes portions that support his opposition to summary judgment; however, he has been unable to obtain his own copy of the transcript from either defense counsel or the court reporter who transcribed the deposition (id. ¶¶ 3-5, 13-14). Finally, Plaintiff moves for a stay to obtain an expert witness to support his opposition to summary judgment (id. at 1, 7). He avers that the expert witness he was going to use died but he has now secured assistance from a litigation service that has located some other potential experts (id., Attach., Pl. Decl. ¶¶ 15-16).

Jabczenski opposes the motion (Doc. #211). He argues that (1) his Motion for Summary Judgment does not rely on Plaintiff's deposition testimony, (2) Plaintiff has already submitted sworn testimony to support his claims, (3) Plaintiff failed to demonstrate how his deposition transcript would defeat summary judgment, (4) Plaintiff's motion is untimely, and (5) late expert witness disclosure would prejudice Jabczenski (id.).

## II.    Analysis

### A.     Motion to Strike

Plaintiff's motion to strike will be denied. The Court has already ruled on whether Plaintiff received proper notice of the November 29, 2007 deposition (Doc. #179). Plaintiff presents no new arguments that persuade the Court to reconsider its prior ruling.

- 3 -

|   |   |
|---|---|
| 1 | **B.     Motion to Stay** |

2  Under Federal Rule of Civil Procedure 56(f), the Court may grant a continuance if the
3  party opposing summary judgment needs additional time to discover "facts essential to justify
4  the party's opposition" to the motion. Plaintiff's Rule 56(f) motion is triggered by
5  Jabczenski's proffer of deposition testimony with the reply memorandum (Doc. #200 at 1-2).
6  "Where new evidence is presented in a reply to a motion for summary judgment, the district
7  court should not consider the new evidence without giving the [non-]movant an opportunity
8  to respond." Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) (citing Black v. TIC
9  Inv. Corp., 900 F.2d 112, 116 (7th Cir. 1990)). Despite Jabczenski's claim that he does not
10 rely on the deposition testimony to support his summary judgment motion, most of the
11 references to the deposition excerpts in his reply cite no other evidence to support the
12 respective propositions (Doc. #166 at 6-7, 10-11). And notably, in his response to Plaintiff's
13 motion to stay, Jabczenski proceeds to cite to and submit additional excerpts from the
14 deposition (Doc. #211 at 4, 6, Ex. 1).

15  The Court views the deposition testimony as new evidence that Plaintiff was unable
16 to challenge in light of its submission with the reply memorandum. Plaintiff is therefore
17 entitled to respond to Jabczenski's reply memorandum. He has, in fact, now done so by
18 filing his Addendum (Doc. #214). Plaintiff supports his Addendum with another declaration
19 (id., Ex. 1), copies of Jabczenski's response to interrogatories and requests for production
20 (id., Exs. 2-3), copies of correspondence from defense counsel (id., Ex. 4) and the Arizona
21 Medical Board (id., Ex. 5), and copies of ADC documents (id., Exs. 6-7). In his Addendum
22 and his exhibits, Plaintiff responds to the new evidence presented by Jabczenski and testifies
23 to facts he claims were set forth in his deposition and withheld by Jabczenski.

24  The Court will construe Plaintiff's Addendum as a supplemental response, which will
25 be considered during review of Jabczenski's summary judgment motion. Because Plaintiff
26 has now responded to Jabczenski's reply and presented additional facts and sworn statements
27 to support his opposition to summary judgment, a stay to obtain a copy of the deposition is
28 no longer necessary. Thus, Plaintiff's Rule 56(f) motion will be denied to the extent that

1  Plaintiff's seeks a stay to obtain a deposition transcript.

2  Plaintiff's request for additional time to secure an expert witness will also be denied.
3  Federal Rule of Civil Procedure 37(c)(1) excludes untimely expert witness testimony, unless
4  the failure to disclose was substantially justified or harmless.  Fed. R. Civ. P. 37( c)(1); Yetti
5  by Molly Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001).  Plaintiff
6  makes no showing that his failure to timely disclose was either substantially justified or
7  harmless.

8  Although Plaintiff contends that the expert he planned to use, Dr. Charles T. Gauntt,
9  has died, the record reflects no expert witness disclosures by Plaintiff (Doc. #200 at 6 ¶ 16).
10  The Court set a June 2007 deadline for Plaintiff to disclose any expert witnesses (Doc. #77).
11  Because Plaintiff did not previously disclose Gauntt, his death is not a basis for extending
12  the expert witness disclosure deadline.  Further, disclosure at this juncture would not be
13  harmless.  See Wong v. Regents of the Univ. of Cal., 410 F.3d 1052, 1062 (9th Cir. 2005)
14  (untimely disclosure of expert witness was not harmless where deadlines for completing
15  discovery and filing summary judgment motions had expired).  A Rule 56(f) stay to secure
16  an expert witness is therefore not warranted.

17  In accordance with the foregoing reasons,

18  **IT IS HEREBY ORDERED:**

19  (1) Plaintiff's Motion to Strike (Doc. #190) is **denied**.

20  (2) Plaintiff's Motion to Stay (Doc. #200) is **denied**.

21  (3) Plaintiff's Addendum (Doc. #214) will be construed as a supplemental response
22  to Jabczenski's Motion for Summary Judgment.

23  (4) No further briefing on Jabczenski's Motion for Summary Judgment will be
24  permitted.

25  DATED this 14th day of March, 2008.

Stephen M. McNamee
United States District Judge