**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allan S. MacDonald, | ) CIV-04-1001-PHX-SMM (MHB) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Dora Schriro, et al., | ) |
| Defendants. | ) |

This matter arises on the Court's review of the file. Plaintiff filed his Third Amended Complaint on February 12, 2008. (Doc. #206.) On that same date, the Court ordered service on Defendants K. Schultheis, Tina Muzzy, Nia Maxwell, Gene Greeley, Rod Norrish, Starlet Whitney, Sharon Malcolm, Marilyn Wand, and Carondelet St. Mary's Hospital. (Doc. #205.) Defendants Nia Maxwell, Gene Greeley, Starlet Whitney, Sharon Malcolm, Marilyn Wand, and Carondelet St. Mary's Hospital were served. (Docs. ##218, 221-223, 225, 227.) Service on Defendants K. Schultheis, Tina Muzzy, and Rod Norrish, however, was returned unexecuted. (Docs. ##219-220, 226.)

On April 21, 2008, the Court ordered the served Defendants to provide the last known addresses of Defendants K. Schultheis, Tina Muzzy, and Rod Norrish to the Court under seal and extended the time for completing service. (Doc. #229.) On April 24, 2008, Defendants complied with the Court's Order (Doc. #230) and, on April 30, 2008, service was again attempted on Defendants K. Schultheis, Tina Muzzy, and Rod Norrish.

On June 30, 2008, Defendants Tina Muzzy and Rod Norrish were served. (Docs. ##244, 246.) Service on Defendant K. Schultheis, however, was again returned unexecuted. (Doc. #245.)

Federal Rule of Civil Procedure 4(m) provides that:

> [i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Plaintiff filed his Third Amended Complaint on February 12, 2008. (Doc. #206.) Accordingly, Rule 4(m)'s 120-day time limit having expired, the Court ordered Plaintiff to show cause on or before July 31, 2008, why his claims against Defendant K. Schultheis should not be dismissed without prejudice for failure to serve pursuant to Fed. R. Civ. P. 4(m). Plaintiff has not responded to the order to show cause or communicated with the Court. The Court, therefore, will determine whether dismissal is appropriate.

Plaintiff has the general duty to prosecute this case. See Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc., 587 F.2d 27, 29 (9th Cir. 1978). Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In Link v. Wabash Railroad Co., 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. See id. at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting Henderson v.

Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction.  Thus the key factors are prejudice and availability of lesser sanctions."  Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal.  Plaintiff's failure to respond to Court orders prevents the case against Defendant K. Schultheis from proceeding in the foreseeable future.  The fourth factor, as always, weighs against dismissal.  The fifth factor requires the Court to consider whether a less drastic alternative is available.  The Court has already ordered Plaintiff to show cause why his claims against Defendant K. Schultheis should not be dismissed.  Plaintiff has not responded.

The Court finds that only one less drastic sanction is realistically available.  Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies."  In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh.  Plaintiff's claims against Defendant K. Schultheis will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that pursuant to Rule 41(b) of the Federal Rules of Civil Procedure Plaintiff's claims against Defendant K. Schultheis are dismissed without prejudice.

DATED this 13th day of August, 2008.

_____
Stephen M. McNamee
United States District Judge

- 3 -