WO                                                                              **JWB**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Allan S. MacDonald,                          )        No. CV 04-1001-PHX-SMM (MHB)
                                             )
        Plaintiff,                )        **ORDER**
                                             )
vs.                                          )
                                             )
Dora Schriro, et al.,                        )
                                             )
        Defendants.               )
                                             )

On July 17, 2008, the Court denied Defendant Jabczenski's Motion for Summary Judgment. (Doc. # 249.) Before the Court is Jabczenski's Motion for Reconsideration of that Order (Doc. # 251.) The Court will deny the motion.

## I.      Background

Plaintiff alleged that Jabczenski was deliberately indifferent to his serious medical need—Plaintiff's knee injury. Plaintiff further claimed that Jabczenski's actions constituted medical malpractice. Jabczenski moved for summary judgment on the grounds that he did not act with deliberate indifference, he did not commit medical malpractice, and that Plaintiff suffered no harm as a result of Jabczenski's actions. (Doc. # 110.)

In ruling on the motion, the Court found that material issues of fact precluded summary judgment for Jabczenski on the claims of deliberate indifference and medical malpractice. Specifically, the Court determined that a reasonable jury could conclude that in November 2003, Jabczenski *purposefully* refused to listen to Plaintiff's reported symptoms and refused to read his June 2003 MRI report, even after Plaintiff told him about it and tried

1
2
3
4
5

to read it to him.  (Doc. # 249 at 6.)  Moreover, the Court concluded that a reasonable jury could find that when Jabczenski decided in May 2006 that Plaintiff needed surgery, he relied on information readily available to him in November 2003.  (Id. at 7.)  And finally, the Court determined that Plaintiff could proceed with his medical malpractice claim without expert testimony because a lay person could comprehend the issues.  (Id. at 9.)

6
7
8
9
10

Jabczenski seeks reconsideration of the Court's Order on the grounds that expert testimony is required to prove medical malpractice under A.R.S. § 12-563.  (Doc. # 251.) The Local Rules of Civil Procedure do not provide for a response to a motion for reconsideration unless specifically ordered by the Court.  LRCiv 7.2(g).  Here, no response was ordered.

11

**II.     Motion for Reconsideration**

12
13
14
15
16
17
18
19
20
21

Motions for reconsideration should be granted only in rare circumstances.  Defenders of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995).  Mere disagreement with a previous order is an insufficient basis for reconsideration.  See Leong v. Hilton Hotels Corp., 689 F. Supp. 1572, 1573 (D. Haw. 1988).  Reconsideration is only appropriate if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  "No motion for reconsideration shall repeat in any manner any oral or written argument made in support of or in opposition to the original motion."  Motorola, Inc. v. J.B. Rogers Mechanical Contractors, Inc., 215 F.R.D. 581, 586 (D. Ariz. 2003).

22

**III.     Analysis**

23
24
25
26
27
28

Jabczenski places great emphasis on the argument that this case will require a jury to understand complex medical evidence, thereby requiring expert testimony pursuant to A.R.S. § 12-563.  But this argument ignores the critical element of the Court's ruling—the Court *determined* that a reasonable jury could conclude that Jabczenski deliberately ignored the medical evidence available to him in November 2003 and relied on *that same evidence* in May 2006 when scheduling Plaintiff's surgery.  Consequently, it is irrelevant that the

1  substance of the medical evidence is complex.  Moreover, to the extent that Jabczenski

2  argues the Court "assume[d] that the 2003 MRI was the basis for [the] decision to perform

3  surgery," that argument is flawed because Jabczenski did not present any other probative

4  evidence to suggest that anything other than the 2003 MRI was the impetus behind Plaintiff's

5  2006 surgery.  At trial, Jabczenski is free to argue that other factors influenced his decision

6  to recommend surgery in 2006.  But on summary judgment, the evidence did not support

7  such a conclusion.  Finally, to the extent that Jabczenski again claims that Plaintiff did not

8  suffer harm as a result of a three year delay in surgery, that contention has been addressed.

9  (Doc. # 249 at 7-8.)  Ultimately, Jabczenski is merely requesting the Court to rethink what

10  it already thought through.  United States v. Rezzonico, 32 F. Supp. 2d 1112, 1116 (D. Ariz.

11  1998).   These arguments were presented and rejected on summary judgment.  The motion

12  for reconsideration will be denied.  Accordingly,

13      **IT IS HEREBY ORDERED** that Defendant Jabczenski's Motion for

14  Reconsideration (Doc. # 251) is **denied**.

15      DATED this 17th day of September, 2008.

16

17

18                          Stephen M. McNamee
                        United States District Judge

19

20

21

22

23

24

25

26

27

28